**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MELISSA J. ESPINOZA IBARRA,
Petitioner,
v.
WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY,
Respondent.

Case No.: 3:26-cv-03923-RBM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Melissa J. Espinoza Ibarra's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States on or around February 21, 2026, without inspection and was not apprehended upon arrival. (Doc. 1 at 6; Doc. 1-2 at 1.) Petitioner was detained by U.S. Immigration and Customs Enforcement in June 2026 and has remained detained at the Imperial Regional Detention Facility. (Doc. 1 at 4.) On June 22, 2026, the U.S. Department of Homeland Security issued Petitioner a Notice to Appear charging her under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as a noncitizen present in the U.S. without being admitted or paroled and 212(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry document. (*See* Doc. 1-2 at 1–4.)

On July 8, 2026, Petitioner filed the instant Petition alleging that she "is being treated

categorically ineligible" for a bond hearing before an immigration judge pursuant to *Matter of Yahure-Hurtado*, 29 I&N Dec. BIA 216 (BIA 2025). (Doc. 1 at 3.) Petitioner claims she is entitled to a bond hearing or, in the alternative, release. (*Id*. at 4.) Pursuant to this Court's Order (*see* Doc. 3), Respondents filed a Response to the Petition on July 17, 2026. (Doc. 4.) Petitioner has not filed an optional reply brief as of the date of this Order.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims she is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and is "unlawfully detained under the wrong statutory authority and unlawfully denied" a bond hearing (Doc. 1 at 4.) Respondents assert that Petitioner "appears to be a member of the Bond Eligible Class in *Maldonado Bautista*" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 4 at 2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under § 1226(a) and is entitled to a bond hearing. *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing).

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.
2. At the bond hearing, the non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.
4. If the noncitizen does not request a continuance, and no hearing occurs within fourteen (14) days of the entry of this Order, the noncitizen shall be released from Respondents' custody.
5. The Government **SHALL FILE** a status report **on or before August 18, 2026** indicating whether and when Petitioner received a bond hearing and the results of such hearing.
6. The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATE: July 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE